**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JOHN F. WINSLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 84-1316 (JMF) |
| | ) | |
| FEDERAL ENERGY REGULATORY COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This case, originally assigned to the late Judge John Garrett Penn, was referred to me for all purposes on January 28, 2008. The electronic docket contained only one prior entry[1] reflecting an event that occurred seventeen years ago, so the parties were ordered to show cause why this case should not be closed. Minute Order (3/26/08). The parties informed the Court that there remains an unresolved motion filed by the plaintiff. Motion to Enforce Judgment ("Motion"), attached to Notice of Filing in Response to Show Cause Order [#6] ("Pl. Resp.") as Exhibit 1. That Motion is discussed below.

**I.    Background**

   **A.    The Complaint**

John F. Winslow brought this action in 1984 pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Mr. Winslow was hired as an attorney with the Federal Energy Regulatory Commission ("FERC") in 1979, and was terminated in 1984. He claimed that his termination was unjustified and was the result of

---

[1]   The original docket, stored in microfiche, has since been made available on the current electronic docket at [#11].

age discrimination.  Winslow v. F.E.R.C., No. 84-cv-1316, 1987 WL 11082, at *1-4 (D.D.C. May 8, 1987).

### B.      The Bench Trial and Relief

A bench trial was held and Judge Penn found for Mr. Winslow.  An order was issued on February 27, 1987, requiring FERC to reinstate Mr. Winslow, to reimburse him "for all back pay and other benefits . . . retroactive to February 29, 1984," and to pay him "the costs of maintaining and bringing this action, including reasonable attorney's fees."  Order, attached to Defendants' Response to Order to Show Cause Why Case Should Not Be Closed [#7] ("Def. Resp.") as Exhibit 2 ("1987 Order").  A memorandum opinion that included findings of fact was issued on May 8, 1987.  Winslow, 1987 WL 11082, at *11 ("1987 Opinion") ("[Mr. Winslow] will be awarded the full relief he has requested.").  The government took an appeal which it later dismissed.  Def. Resp. at 6.

The parties later filed a joint stipulation seeking the issuance of a proposed order outlining the relief to be awarded Mr. Winslow; Judge Penn signed that proposed order on May 17, 1988.  Order, attached to Def. Resp. as Exhibit 3 ("1988 Order").  The 1988 Order is extremely detailed and calls for, *inter alia*, $110,879.36 to be paid to Mr. Winslow in back pay (after various withholdings).  Id. at 2-4.  There is no mention of interest in the 1987 Order, the 1987 Opinion, or the 1988 Order.

Mr. Winslow received payment in August 1988, but that payment did not include interest.  See Reply to Defendant's Opposition to Plaintiff's Motion to Enforce Judgment ("Reply") at 5, attached to Pl. Resp. as Exhibit 3.  His counsel sent a letter to the General Accounting Office ("GAO") on September 26, 1988, demanding that Mr. Winslow be

paid interest on his back pay award. Id. This demand was denied by GAO in a letter dated March 5, 1990. Id.

### C. The Motion to Enforce Judgment

On January 16, 1991, Mr. Winslow filed a motion seeking payment of interest on the back pay that had been owed and, in consequence, the interest on that unpaid obligation. Motion to Enforce Judgment ("Motion"), attached to Pl. Resp. as Exhibit 1. Briefing on the Motion was complete on May 3, 1991. On December 15, 2005, counsel for Mr. Winslow sent a letter[2] to Judge Penn (and a copy to opposing counsel) seeking resolution of the Motion. See Letter from David H. Shapiro to Hon. John Garrett Penn, attached to Pl. Resp.

## II. Discussion

Mr. Winslow argues that he is owed interest on his award pursuant to an amendment to the Back Pay Act, which provides that certain awards of back pay "shall be payable with interest." Pub. L. No. 100-202[3] (enacted Dec. 22, 1987, codified at 5 U.S.C. § 5596(b)(2)) (the "Amendment"). There is no reference to interest in the 1987 Order, the 1987 Opinion, or the 1988 Order (which was drafted by the parties), but Mr. Winslow argues that no reference is necessary because the Amendment requires that his award of back pay be read to include prejudgment interest. Def. Resp. at 4. He therefore seeks enforcement of the judgment pursuant to Rules 69 and 70 of the Federal Rules of Rules of Civil Procedure. Reply at 4-5.

---

[2] The case had been administratively closed.

[3] The Amendment was held on November 9, 1990, to be a valid waiver of the federal government's sovereign immunity against prejudgment interest. Brown v. Sec'y of Army, 918 F.2d 214, 218 (D.C. Cir. 1990).

The Supreme Court has unanimously held, however, that when a party seeks prejudgment interest[4] after a judgment has been issued, it does so pursuant to Rule 59(e) (motion to alter or amend a judgment).[5]  Osterneck v. Ernst & Whinney, 489 U.S. 169, 176-77 (1989).  This is, in part, to further the policies underlying the finality requirement of 28 U.S.C. § 1291, and to avoid piecemeal appellate review of judgments.  Id. at 173, 177.  Motions pursuant to Rule 59(e) "must be filed no later than 10 days after the entry of the judgment."  Id.  Mr. Winslow's Motion was filed two and a half years after the 1988 Order and therefore must be denied as untimely.

An Order accompanies this Memorandum Opinion.

Dated:  June 25, 2008                                    /s/
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE

---

[4]  The body of the Osterneck opinion addresses discretionary, rather than mandatory (as is provided by the Amendment), prejudgment interest.  489 U.S. at 176.  In a footnote, however, the Court states that it does "not believe the result should be different where prejudgment interest is available as a matter of right."  Id. at 176 n.3.  This footnote has been adopted by several circuits.  See, e.g., Crowe v. Bolduc, 365 F.3d 86, 92 (1st Cir. 2004) ("The Osterneck footnote is purposeful, straightforward, and soundly reasoned.  All nine Justices subscribed to it.  And, finally, the footnote remains unblemished; it has not been scarred by any subsequent Supreme Court pronouncement.  In these circumstances, we are unwilling to turn a blind eye to the clear import of footnote 3"); McCalla v. Royal MacCabees Life Ins. Co., 369 F.3d 1128, 1132 (9th Cir. 2004) ("[T]he Supreme Court's discussion of mandatory prejudgment interest, while not essential to its result, was extensive and definitive.  Moreover, the Osterneck footnote was a forward-looking statement by a unanimous Court, intended to establish a straightforward rule to guide the course of litigation in future cases."); Pogor v. Makita U.S.A., Inc., 135 F.3d 384, 387 (6th Cir. 1998); Kosnoski v. Howley, 33 F.3d 376, 378 (4th Cir. 1994); Capstick v. Allstate Ins. Co., 998 F.2d 810, 813 (10th Cir. 1993).

[5]  Some circuits have distinguished Osterneck by holding that Rule 60(a), as opposed to Rule 59(e), "governs postjudgment motions for prejudgment interest when the original judgment explicitly allows for prejudgment interest but fails to specify the precise dollar value of interest, provided that the amount can be calculated later with relative certainty."  McCalla, 369 F.3d at 1133 (citing Pogor, 135 F.3d at 388; Kosnoski, 33 F.3d at 378 ("if the district court's original judgment order did not mention an award of prejudgment and postjudgment interest, [the] later motion to fix interest clearly would be governed by Osterneck.")).  As already mentioned, Judge Penn did not explicitly order prejudgment interest.

4